IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE NORTON,

    Plaintiff,                               No. CIV S-09-2396 JAM DAD PS

    vs.

AMADOR COUNTY SHERIFF
DEPARTMENT, et al.,               FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff, a former state prisoner proceeding pro se, has filed a complaint and an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding has been referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72-302(c)(21).

        A filing fee of $350.00 is required to commence a civil action in a federal district court. 28 U.S.C. § 1914(a). The court may authorize the commencement of an action without prepayment of fees or security therefor by a litigant who submits an affidavit demonstrating inability to pay. 28 U.S.C. § 1915(a). Here, plaintiff indicates that he is not currently employed but received money during the past 12 months from pensions, annuities or life insurance payments. Plaintiff has not provided any information about each source of money, the amount of money received from each source during the past year, and the amount he expects he will

1

continue to receive.  Absent the required information about money received during the past 12 months, the present application fails to establish that plaintiff is indigent.  See <u>Olivares v. Marshall</u>, 59 F.3d 109, 112 (9th Cir. 1995); <u>Alexander v. Carson Adult High Sch.</u>, 9 F.3d 1448, 1449 (9th Cir. 1993).

Ordinarily, the undersigned would deny plaintiff's in forma pauperis application with leave to file an amended application.  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  <u>See</u> 28 U.S.C. § 1915(e)(2).  A claim is frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  Although pro se pleadings are held to a less stringent standard than those drafted by lawyers, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), even a pro se pleading must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).

Here, plaintiff alleges in a conclusory fashion that he was injured by out-of-order light fixtures in the Amador County Detention Facility.  He has sued the Amador County Sheriff's Department, the Amador County Detention Facility, and the unidentified manufacturers of the light fixtures.  He seeks such damages as may be awarded by a jury of his peers.  Plaintiff remarks that the court has called his case frivolous and ordered it dismissed.  He argues that the court is "not qualified in the field of electromagnetic impulses nor there [sic] affect on the mind

or brain - or for that matter on the entire human physiology [sic]." (Compl. at 2.)  Plaintiff asserts that he has over 100 pages of research supporting his claims and that he has completed 197 units of upper-level university study.  He contends that the court's orders in his past cases were "an offence to the technicle [sic] knowlage [sic] of today concerning electromagnetic fields and there [sic] effects and possible effects and effects on the organic and human systems of mind and body."  (Id.)  Plaintiff demands an opportunity to have his case presented to a jury or settled to his satisfaction out of court.

The court's own records reveal that plaintiff filed two prior complaints alleging virtually identical claims against the same defendants named in this action.[1]  (Norton v. Amador County Detention Facility, case No. CIV S-08-2731 DAD P (E.D. Cal. 2008)[2]; Norton v. Amador Detention Facility, case No. CIV S-09-1596 GEB JFM PS (E.D. Cal. 2009).)  In the latter case, United States Magistrate Judge John F. Moulds determined that the allegations in plaintiff's complaint were vague and conclusory and dismissed the complaint with leave to amend.  In findings and recommendations filed August 11, 2009, Magistrate Judge Moulds determined that the claims alleged in plaintiff's amended complaint fell into the category of "the irrational or wholly incredible" and therefore recommended that plaintiff's case be dismissed as frivolous.  Plaintiff did not file objections to Magistrate Judge Moulds' findings and recommendations.  On September 16, 2009, United States District Judge Garland E. Burrell, Jr. reviewed and adopted those findings and recommendations, and judgment was entered against plaintiff.  Plaintiff did not take an appeal from the judgment.

Although plaintiff neither filed objections to Magistrate Judge Moulds' findings and recommendations nor appealed from District Judge Burrell's order and judgment, plaintiff

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Case No. CIV S-08-2631 DAD P will be addressed by the undersigned in a separate order.

filed his third case against the same defendants alleging injuries caused by electromagnetic waves. The undersigned finds that plaintiff's duplicative action should be dismissed as factually frivolous for the same reasons that Case No. CIV S-09-1596 GEB JFM PS was dismissed. See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (affirming that the in forma pauperis statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory but also the power to dismiss claims whose factual contentions are clearly baseless, including allegations that are fanciful, fantastic, and delusional); Neitzke v. Williams, 490 U.S. 319, 328 (1989) (citing as examples of baseless factual claims those that describe "fantastic or delusional scenarios"); Warren v. Bush, Case No. 2:08-cv-00376-RLH-LRL, 2008 WL 3876885, at *2 (D. Nev. Aug. 18, 2008) (recommending dismissal of prisoner's complaint upon finding the allegations that defendants put technology into the prisoner's body and stole his sexual organs were fantastic, delusional, irrational, and frivolous); Yacoub v. United States, No. C07-1415RSM, 2007 WL 2745386, at *1 (W.D. Wash. Sept. 20, 2007) (dismissing as irrational and wholly incredible prisoner's complaint alleging that defendants used electromagnetic waves and other methods to control his mind and bodily functions); see also Bell v. Hood, 327 U.S. 678, 682-83 (1946) (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of jurisdiction ); Hagans v. Lavine, 415 U.S. 528, 543 (1974) (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.").

    It is evident from the deficiencies of plaintiff's prior complaints that it would be futile to dismiss plaintiff's complaint in this action with leave to amend. The undersigned will

/////

therefore recommend that plaintiff's in forma pauperis application be denied and that this action be dismissed.

        For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

        1. Plaintiff's August 26, 2009 application to proceed in forma pauperis (Doc. No. 2) be denied; and

        2. This action be dismissed with prejudice as factually frivolous.

        These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fifteen days after these findings and recommendations are served by the Clerk of the Court, plaintiff may file written objections with the court. A document containing objections must be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\norton2396.f&r.ifpden